WILL THOMPSON
Nevada Bar No.: 15826
555 Mission Street
Suite 2400
San Francisco, California 94105-2933
Email:  will.thompson1@us.dlapiper.com
(415) 836-2566

STEPHEN M. MATTHEWS (will comply with LR IA 11-2 within 14 days)
MARC A. SILVERMAN (will comply with LR IA 11-2 within 14 days)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Phone: (973) 520 2550
Fax: (973) 520 2551
Email: stephen.matthews@us.dlapiper.com
        marc.silverman@us.dlapiper.com

*Alerce Biologix PR, LLC and Alerce Medical Group, LLC*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA**

| | |
|---|---|
| ALERCE BIOLOGIX PR, LLC, and ALERCE MEDICAL GROUP LLC, | No. 2:25-cv-1665 |
| Plaintiff(s), | COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| MARIZEL YUKEE, ALESSA DOMINQUE YUKEE, ALLCARE WOUND TREATMENT, LLC, DERMLIFE HEALTH SOLUTIONS, LLC, MY BEST HEALTH FIRST, LLC, WOUND MEDIC, LLC, | |
| Defendant(s) | |

Alerce Biologix PR, LLC ("Alerce Biologix") and Alerce Medical Group, LLC ("Alerce Medical") (together, "Alerce" or "Plaintiffs"), by and through its attorneys, DLA PIPER LLP (US), for its Complaint against Marizel Yukee ("Marizel Yukee"), Alessa Dominque Yukee ("Alessa Yukee"), AllCare Wound Treatment, LLC ("AllCare"), Dermlife Health Solutions, LLC ("Dermlife"), My Best Health First, LLC ("My Best Health"), and Wound Medic, LLC ("Wound Medic"), (Marizel Yukee, Alessa Yukee, AllCare, Dermlife, My Best Health, and Wound Medic,

together, the "Yukee Care Network" or "Defendants") alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This action arises from Defendants' failure to pay for $29,566,400 in advanced allografts (the "Product") provided by Alerce.

2.      Alerce focuses on providing advanced tissue allografts that are designed to provide protective coverage for acute and chronic wounds. These skin grafts are sold and distributed primarily to FDA-registered establishments, and are ultimately used by hospitals, physicians, and wound care centers across the United States, including the Yukee Care Network.

3.      Upon information and belief, Marizel Yukee is the head of the Yukee Care Network, which is a network of treatment wound care centers and related entities throughout Nevada, California, and Texas.

4.      Upon information and belief, while Marizel Yukee is the head of this organization and named manager of many of the organizations, she named her 24-year-old daughter Alessa Yukee as the owner of Dermlife and ordered $50 million in Products through Dermlife to various entities within the Yukee Care Network.

5.      Acknowledging their liability to pay for the Products provided, the Yukee Care Network has paid for $27,688,530 in allografts purchased from Alerce between August 24, 2025, and February 21, 2025.

6.      Yet the Yukee Care Network has refused to pay for $29,566,400 in allografts ordered from Alerce between February 24, 2025 to July 28, 2025.

7.      In or around July 2025, Marizel Yukee on behalf of the Yukee Care Network, acknowledged the purchases were made for her and the Yukee Care Network, but requested a refund for some purchases on the basis that Medicare was denying reimbursement or implementing recoupment of reimbursements made for the Products used by the Yukee Care Network.

8.      In response, on July 19, 2025, Alerce Biologix reminded Marizel Yukee that she— and any entity within the Yukee Care Network—must treat patients only as medically necessary,

2

and that the use of the Product is at the sole discretion of the treating provider, pursuant to his or her professional medical judgment. To be sure, when Marizel Yukee or those in the Yukee Care Network submit Medicare claims, they certify that the services were medically necessary. Alerce Biologix does not—and cannot—make a representation like this concerning treatment.  It is Marizel Yukee and the Yukee Care Network's responsibility alone.

9.      Defendants, however, still have not paid the outstanding amount due for the Products ordered, received, and accepted without dispute.

10.      Alerce accordingly brings this action to recover $29,566,400 in damages, and any other relief this Court orders.

## JURISDICTION

11.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). No individual plaintiff share citizenship with any individual defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

12.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

**A.      Alerce**

13.      Alerce Biologix is a limited liability company formed under the laws of Puerto Rico and its principal place of business is in San Juan, Puerto Rico.  Alerce Biologix has two members: Ahmad Abdelaziz is a citizen of Puerto Rico; Mohsin Ilyas is a citizen of Puerto Rico.

14.      Alerce Medical is a limited liability company formed under the laws of New Jersey and has a principal place of business in Kearny, New Jersey. Alerce Medical has three members: Ahmad Aziz is a citizen of Puerto Rico, United States; Mohsin Ilyas is a citizen of Puerto Rico, United States; and, Ahsan Amin is a citizen of New York, United States.

**B.      The Defendants and Yukee Care Organization**

15.      Upon information and belief, Marizel Yukee is an individual who resides in Las Vegas, Nevada. Upon information and belief, defendant is a citizen of Nevada, United States.

3

16. Upon information and belief, Alessa Dominque Yukee is an individual who resides in Las Vegas, Nevada. Upon information and belief, defendant is a citizen of Nevada, United States.

17. Upon information and belief, AllCare Wound Treatment, LLC, is a limited liability company formed under the laws of California and does business in Harbor City, Sacramento, Stockton, Alameda, and Hesperia, California. Upon information and belief, AllCare Wound Treatment, LLC, has one member: Marizel Yukee, who is a citizen of Nevada.

18. Upon information and belief, Dermlife Health Solutions, LLC, is a limited liability company formed under the laws of Nevada and does business in Las Vegas, Nevada. Upon information and belief, Dermlife Health Solutions, LLC, has one member: Alessa Dominque Yukee, who is a citizen of Nevada.

19. Upon information and belief, My Best Health First, LLC is a limited liability company formed under the laws of Nevada and does business in Las Vegas. Upon information and belief, My Best Health First, LLC, has one member: Marizel Yukee, who is a citizen of Nevada.

20. Upon information and belief, Wound Medic, LLC, is a limited liability company formed under the laws of Texas and does business in Manvel, Texas. Upon information and belief, Wound Medic, LLC, has one member: Marizel Yukee, who is a citizen of Nevada.

21. Upon information and belief, Marizel Yukee owns, operates, and/or manages five other care centers in Nevada, Texas, and California: (1) Vital Aesthetics and Medical Centre, Inc. (California); (2) Nesario Care Homes, LLC (Nevada); (3) Embrace Home, LLC (Nevada); (4) Blissful Home, LLC (Nevada); and, (5) Freedom Wound Care, LLC (Nevada).

**FACTS**

**A.    The Master Purchase Agreement**

22. On November 4, 2023, Marizel Yukee and Alerce Biologix entered into a New Account Form and Purchase Agreement (the "Master Purchase Agreement").

4

23.     The Master Purchase Agreement states that: "The Customer wishes to purchase, and Alerce Biologix has agreed to sell to Customer cellular/tissue based products, subject to the following terms."

24.     The Product was identified as "cellular/tissue based products" and identified in "Schedule A," which contained the "Invoice Price for each Product."  (*Id.* ¶ 1.)

25.     The "Customer" is as Marizel Yukee, who signed the Master Purchase Agreement. *Id.*)

26.     The Master Purchase Agreement states that:

After Customer submits an IVR and receives confirmation of patient benefits, the Customer places an order and Alerce Biologix accepts the order and generates an Invoice, which will reflect that the Customer has agreed to purchase the Products identified on the Invoice and the terms of the purchase. Alerce Biologix shall, on Customer's behalf promptly pack and ship the Products identified on the Invoice for delivery to the Customer using second-day delivery.

(*Id.* ¶ 3.)

27.     The Master Purchase Agreement further states, under "Invoices & Payment," that "Alerce Biologix will develop and deliver an Invoice to Customer that identifies the Products ordered are shipped. Customer agrees to pay Alerce Biologix the balance due amount stated in each Invoice within forty-five (45) days after Product shipment."  (*Id.* ¶ 6.)

28.     The Master Purchase Agreement states that "After receiving Product(s), Customer will treat the patient as medically necessary. Customer and Alerce Biologix acknowledge that use of any Product is at the sole discretion of the treating provider, pursuant to his or her professional medical judgement."  (*Id.* ¶ 4.)

29.     The Master Purchase Agreement is governed by New Jersey law.

**B.      The Purchase Orders, Shipments, and Invoices**

30.     Following the Master Purchase Agreement, from August 2024 to July 2025, the Yukee Care Network purchased $57,254,930 in allografts from Alerce Biologix.

5

31.    To place orders, Marizel Yukee, Alessa Yukee, or a representative of Yukee Care Network sent an email to Alerce Biologix requesting specific quantities of allografts.

32.    In response, Alerce Biologix generated a Purchase Order, and shipped the Product to the requested person or facility.

33.    In total, Marizel Yukee, Alessa Yukee, or a representative of Yukee Care Network made approximately 84 orders between August 22, 2024 and May 29, 2025.

34.    The orders were made on behalf of the "Customer" Dermlife, with "ship to" and "bill to" addresses to multiple persons or entities in the Yukee Care Network, including Marizel Yukee, Ma Rose Gacias (an individual believed to be associated with Wound Medic), AllCare, My Best Health, and Wound Medic.

35.    Upon information and belief, Products that were not shipped directly to AllCare, My Best Health, or Wound Medic, were shipped to Dermlife so that Dermlife could send the Product to a facility within the Yukee Care Nertwork.

36.    The Yukee Care Network paid for $27,688,530 in purchases through February 24, 2025.

37.    The Yukee Care Network has failed to pay, however, for $29,566,400 in purchases made between February 24, 2025 to May 28, 2025.

38.    After being notified of the outstanding amount, Marizel Yukee suddenly requested a refund from Alerce for Products purchased under the terms of the Master Purchase Agreement and Purchase Orders on behalf of her and the Yukee Care Network.

39.    Marizel Yukee claimed that Medicare was denying reimbursement and/or recouping payments made to her or the Yukee Care Network for some of the Products.  She further claimed that Medicare found that some of the Products were not reasonable and necessary for the patient on whom the Products were used.

40.    On July 19, 2025, Alerce responded to Marizel Yukee through counsel, who reminded her that she is not entitled to a refund under the Master Purchase Agreement.  Alerce reiterated that it does not and cannot make decisions regarding the medical reasonableness and/or necessity of the Products for particular patients nor can it predict whether or not Medicare or any

other payor will provide reimbursement for the Products.  As a manufacturer, Alerce Biologix may provide general information related to publicly-available coverage policies, coding and payment rates, but it cannot advise healthcare providers and suppliers on the medical necessity, required medical documentation, or clinical support for its Products in support of Medicare reimbursement.

41.    Moreover, Alerce reminded Marizel Yukee that, when she submits claims to Medicare, she confirms that she has "familiarized [her]self with all applicable laws, regulations, and program instructions, which are available from the Medicare contractor; . . . [and] that the services on this form were medically necessary and personally furnished by [her] or were furnished incident to [her] professional service by [her] employee under [her] direct supervision." (July 19, 2025 Letter at 2.)

42.    Additionally, under the terms of the agreements, Marizel Yukee and the Yukee Care Network agreed to pay Alerce the balance due amount stated in each invoice.  (*See* Master Purchase Agreement ¶ 3.)

43.    Alerce's responsibility was to promptly pack and ship the Products for delivery to her or the entity identified by her or her affiliate, (*id.*), which it did.

44.    Following delivery, payment was due to Alerce within 45 days.  (*Id.*)

45.    Despite the outstanding amount remaining due, Defendants have continued to refused or failed to pay.

## COUNT ONE
## BREACH OF CONTRACT
### As against all Defendants

46.    Alerce repeats and realleges the preceding paragraphs hereof, as if fully set forth herein.

47.    On November 4, 2023, Marizel Yukee and Alerce Biologix entered a valid, enforceable, and binding contract consisting of the Master Purchase Agreement.

48.    Between November 4, 2023, through May 29, 2025, Marizel Yukee, Alessa Yukee, the Yukee Care Network, and Alerce Biologix entered valid, enforceable, and binding

7

contracts consisting of Purchase Orders under the Master Purchase Agreement to purchase Products from Alerce.

49.    Upon information and belief, the Yukee Care Network are alter-egos of Marizel Yukee or Alessa Yukee and/or the corporate veil should be pierced.  Upon information and belief, the Yukee Care Network is influenced and/or governed by Marizel Yukee and/or Alessa Yukee, there is a unity of interest and ownership by Marizel Yukee or Alessa Yukee that is inseparable from the Yukee Care Network, and adherence to the corporate fiction would sanction a fraud or promote injustice as Marizel Yukee and/or Alessa Yukee are using the corporate form to advance person interests, abuse the corporate form, and commit wrongful acts, such as hiding assets or preventing creditors from collecting debts.  Upon further information and belief, Defendants fail to observe corporate formalities and commingle funds.  Upon further information and belief, Dermlife was organized and operated to make it a mere instrumentality of Marizel Yukee, Alessa Yukee, or the other entities in the Yukee Care Network.

50.    Following a Purchase Order, Alerce sent Defendants Products and sent Defendants Invoices for each Purchase Order that required payment within 45 days.

51.    Defendants have breached the agreements by failing to pay for $29,566,400 in Purchase Orders between February 24, 2025, and May 29, 2025.

52.    As a result of the breaches, Alerce has suffered damages.

53.    By reason of the foregoing, Defendants are liable in the amount of $29,566,400, plus interest, attorneys' fees, and costs.

**COUNT TWO**
**QUANTUM MERUIT/UNJUST ENRICHMENT**
**As against Defendants**

54.    Alerce repeats and realleges the preceding paragraphs hereof, as if fully set forth herein.

55.    In the alternative to its contract claims, and to the extent any express agreement is unenforceable, void, or does not govern the unpaid Products, Alerce alleges unjust enrichment.

56.    Between November 4, 2023, through May 29, 2025, at Defendants' request, Alerce delivered the Products to Defendants, thereby conferring a benefit on Defendants.

8

57.    Defendants knew of, appreciated, accepted, and retained that benefit by ordering, receiving, and using (and/or reselling) the Products.

58.    Alerce provided the Products with the reasonable expectation of payment, and Defendants knew or should have known payment was expected.

59.     To date, Defendants have not fully compensated Alerce for the Products.

60.    Under these circumstances, it would be inequitable for Defendants to retain the benefit without paying its reasonable value in an amount of at least $29,566,400.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

(a)    Awarding Plaintiffs damages in the amount of $29,566,400;

(b)    Awarding Plaintiffs interest, costs of suit, and attorneys' fees; and

(c)    Awarding such other and further relief as the Court determines just and equitable.

Dated:  September 5, 2025

Respectfully submitted,
**DLA PIPER LLP (US)**

By: _____

Will Thompson
Nevada Bar No.: 15826
555 Mission Street
Suite 2400
San Francisco, California
94105-2933
Email:  will.thompson1@us.dlapiper.com
(415) 836-2566

Stephen M. Matthews (will comply with LR IA 11-2 within 14 days)
Marc A. Silverman (will comply with LR IA 11-2 within 14 days)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Phone: (973) 520-2550
Fax: (973) 520-2551
Email: stephen.matthews@us.dlapiper.com
        marc.silverman@us.dlapiper.com

9

*Attorneys for Plaintiffs Alerce Biologix PR,
LLC and Alerce Medical Group, LLC*