1
2
3
4                          **UNITED STATES DISTRICT COURT**
5                              **DISTRICT OF NEVADA**
6
ALERCE BIOLOGIX PR, LLC, et al.,                    Case No. 2:25-cv-01665-CDS-NJK
7          Plaintiffs,
                                                              **Order**
8    v.
                                                        [Docket No. 25]
9    MARIZEL YUKEE, et al.,
10         Defendants.

11          The parties have come to an agreement as to the designation and handling of material they

12   deem to be confidential, and seek judicial approval of that agreement in the form of a protective

13   order.  Docket No. 25.

14          Discovery is meant to proceed "largely unsupervised by the district court."  *Sali v. Corona*

15   *Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018); *see also Cardoza v. Bloomin' Brands, Inc.*,

16   141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203

17   (E.D. Tenn. 1986)).  Unless such stipulation interferes with court proceedings or deadlines, parties

18   may agree among themselves to discovery procedures without obtaining judicial approval.  Fed.

19   R. Civ. P. 29(b).  Permissible extra-judicial discovery agreements may extend to establishing

20   procedures and protections regarding the exchange of confidential discovery material.  *See, e.g.*,

21   *Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, 332 F.R.D. 159, 161 (E.D. Penn. 2019)

22   (denying stipulated protective order, while also explaining that, "[n]otwithstanding the absence of

23   judicial *imprimatur*, the parties may agree to maintain confidentiality of discovery materials");

24   *David J. Frank Landscape Cont'g, Inc. v. La Rosa Landscape*, 199 F.R.D. 314, 315 (E.D. Wis.

25   2001) (denying stipulated protective order, while also explaining that "[t]he parties are free to enter

26   agreements between themselves regarding how they will disseminate material produced in

27
28

                                              1

discovery").[1]  When parties seek judicial approval of a discovery agreement that does not require judicial approval, judges are well within their discretion to deny such request as unnecessary.  *See, e.g.*, *Comminey v. Sam's W. Inc.*, 2020 WL 2764610, at *1 (D. Nev. May 27, 2020) (overruling objection).

The parties in this case have reached an agreement as to the designation and treatment of documents they deem to be confidential.  The request for a protective order does not provide a factual basis for the Court to determine that any discovery material warrants confidential treatment.  Instead, the request indicates that the parties may in the future designate material as confidential "after review of the documents by an attorney who has, in good faith, determined that the documents contain 'Confidential Information.'"  Docket No. 25 at 3.  As explained above, the parties' agreement for a designation procedure already appears to be enforceable pursuant to Rule 29(b).  The agreement itself acknowledges that "a Protective Order does not establish that documents meet the standard for sealing set forth in Rule 10-5 of the Local Rules of Practice for the U.S. District Court of Nevada and the Ninth Circuit's decisions in *Kamakana*."  *Id.* at 7.  No meaningful showing has been made as to why judicial oversight in the form of a protective order is warranted.

Accordingly, the stipulation is **DENIED** without prejudice.  Docket No. 25.

IT IS SO ORDERED.

Dated: December 5, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[1] If discovery material is later filed with the Court, a proper showing must be made at that point to support any request for sealing or redaction.  *See, e.g.*, *Ricoh*, 332 F.R.D. at 161.